**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

DANIEL S. NEWMAN, as a Receiver for Founding Partners Capital Management Company; Founding Partners Stable-Value Fund, L.P.; Founding Partners Stable-Value Fund, II, L.P.; Founding Partners Global Fund, Ltd. and Founding Partners Hybrid-Value Fund, L.P., ,

Plaintiff,

-vs- Case No. 2:09-cv-445-FtM-99SPC

SUN CAPITAL, INC. a Florida corporation; SUN CAPITAL HEALTHCARE, INC. a Florida corporation; HLP PROPERTIES OF PORT ARTHUR, LLC a Texas limited liability company,

Defendants.

---

**ORDER**

This matter comes before the Court on the Plaintiff, Daniel S. Newman's, in his capacity as Receiver, Notice of Objections to Non-Party Subpoena and Request for a Protective Order and Stay of Response (Doc. #74) filed on October 30, 2009. On November 5, 2009, the Sun Capitol filed a Response in Opposition (Doc. # 76).

The Plaintiff moves the Court for a protective order to prevent the production of documents requested in a subpoena served upon Ernest and Young and served by the Defendants Sun Capitol, Inc. and Sun Capitol Healthcare, Inc. (Sun), or to enlarge the time to produce the requested documents. Sun Capitol states that the Receiver lacks standing to move the court to quash the subpoena and that only Ernest and Young has that right.

Pursuant to the Federal Rules, a subpoena shall be quashed and/or modified if it: fails to allow reasonable time for compliance; requires a nonparty to travel to a place more than 100 miles from the place where that person resides, is employed, or regularly transacts business in person; requires the disclosure of privileged or other protected matter; or subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A).

It is the person to whom a subpoena is directed who has standing to seek a motion to quash. Butterworth v. Jones Chemicals, Inc., 1993 WL 388645 *2 (M.D. Fla.); *See also* Brown v. Braddick, 595 F.2d 961, 967 (5th Cir. 1979) (holding that a motion to quash may only be brought by the witness; the parties do not have standing to bring a motion to quash on behalf of a witness). Thus, the Defendants lack standing to move the Court to quash the subpoenas issued to the non parties in this case. Jones Chemicals, Inc., 1993 WL 388645 at *2. Likewise, whether or not the subpoenas are overly burdensome on the non parties is a matter for the non parties who were subpoenaed to address and not the Defendants. In this instance, Daniel Newman, as the Receiver, has standing to move the Court for a protective order to quash or otherwise enlarge the time to review the documents prior to the production.

A person from whom discovery is sought may move under Fed. R. Civ. P. 26(c) for a protective order limiting disclosure or for providing confidentiality. Rule 26(c) allows the Court to issue a protective order to limit discovery and make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Moore v. Potter, 141 Fed. Appx. 803, (11th Cir. 2005) (citing Fed. R. Civ. P. 26(c))  A protective order should be entered only when the movant makes a particularized showing of "good cause" and specific demonstration of fact by affidavit or testimony of a witness with personal knowledge, of the

specific harm that would result from disclosure or loss of confidentiality; generalities, conclusory statements and unsupported contentions do not suffice. Gulf Oil Company v. Bernard, 452 U.S. 89, 102 n. 16, 101 S. Ct. 2193, 68 L. Ed. 2d 693 (1981); Cipollone v. Leggett Group, Inc., 785 F.2d 1108, 1121 (3rd Cir. 1986). Courts have broad discretion at the discovery stage to determine whether or not a protective order is appropriate and what degree of protection is required. Seattle Times v. Rhinehart, 467 U.S. 20, 36-37, 104 S. Ct. 2199, 81 L. Ed. 2d 17(1984).

Whether good cause exists for a protective order is a factual matter to be decided by the nature and character of the information in question. Chicago Tribune Co. V. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1315 (11th Cir. 2001). When issuing a protective order the Court must articulate its reasons for granting the protective order sufficient to allow for appellate review. Additionally, the Court must evaluate and balance the interests of the parties and the non-parties concerning dissemination of discovery material. In Re Alexander Grant & Co. Litigation, 820 F.2d 352, 355, 357 (11th Cir. 1987).

The Sun subpoena requests that Ernest and Young produce all the records it has relating to the work Ernest and Young performed for the Receivership Entities. As grounds to quash or enlarge the time to respond to the requested production, the Plaintiff/ Receiver states the subpoena only allowed four (4) days for the production to be gathered and produced. The requested production contains confidential information regarding private individuals' bank accounts, some who may not be involved in the instant litigation. Sun objects to the Receiver's standing to move to quash the subpoena, however, a party has standing to challenger a subpoena to a non-party if the party alleges a personal right or privilege with respect to the subpoena. Anglin v. Maxim Healthcare Services, Inc., 2009 WL 928305 *1 (M.D. Fla. April 3, 2009). Under Rule 45(c), the Court "shall quash or

modify [a] subpoena if it ... requires disclosure of privileged or other protected matter and no exception or waiver applies, or [if it] subjects a person to undue burden." Id. (citing Fed. R. Civ. P. 45(c)(3)(A)(iii) and (iv)). Generally a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought. Anglin, 2009 WL 928305 at *1(citing Windsor v. Martindale, 175 F.R.D. 665, 668 (D.Colo.1997)). A party also may move to quash a subpoena upon a showing that there is a privacy interest applicable. Anglin, 2009 WL 928305 at *1. Absent a specific showing of a privilege or privacy interest, a court cannot quash a subpoena duces tecum. Here, the Receiver has a fiduciary duty to protect and oversee the financial interest of the receivership entities such as Founding Partners. Thus, the Receiver, Daniel Newman, has standing to move the Court to Quash the subpoena.

There is no fixed time limit for service of subpoenas under Fed.R.Civ.P. 45. Auto-Owners Insurance Co. v. Southeast Floating Docks, Inc., 231 F.R.D. 426, 428 (M.D. Fla. September 28, 2005) (citing M.D. Fla. Local Rule 3.02(a)). However, the Rules provide in relevant part that a party desiring to take the deposition "of any person" must give at least 10 days written notice to every other party in the action and the deponent. Auto-Owners Insurance Co., 231 F.R.D. at 428. Pursuant to Fed. R. Civ. P. 6(a) and Local Rule 4.20, the ten (10) days is calculated by excluding intermediate Saturdays, Sundays, and legal holidays. Further, when notice is mailed, an additional 3 days is added to the original prescribed period. Fed.R.Civ.P. 6(e) and Local Rule 4.20. Id.

The Court may quash or modify a subpoena that fails to allow a reasonable time for compliance. Id. (citing Fed.R.Civ.P. 45(c)(3)(A)(I)). The four (4) days notice allowed by Sun in this instance is too short of a period to gather review and produce the requested information. Furthermore, the subpoena requests the disclosure of private, financial, proprietary, and confidential

business records. Therefore, the Motion to quash is due to be granted.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Daniel S. Newman,'s in his capacity as Receiver, Notice of Objections to Non-Party Subpoena and Request for a Protective Order and Stay of Response (Doc. #74) is **GRANTED**. The subpoena issued by the Sun Entities upon Ernest and Young is hereby **QUASHED**. Any records that may have been produced by Ernest and Young are to be returned to Ernest and Young upon receipt of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this 9th day of November, 2009.

Sheri Polster Chappell

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record