UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL S. NEWMAN, as a Receiver for Founding
Partners Capital Management Company; Founding
Partners Stable-Value Fund, L.P.; Founding
Partners Stable-Value Fund, II, L.P.; Founding
Partners Global Fund, Ltd. and Founding Partners
Hybrid-Value Fund, L.P., ,

                          Plaintiff,

-vs-                                       Case No. 2:09-cv-445-FtM-29SPC

SUN CAPITAL, INC. a Florida corporation; SUN
CAPITAL HEALTHCARE, INC. a Florida
corporation; HLP PROPERTIES OF PORT
ARTHUR, LLC a Texas limited liability company,

                          Defendants.
_____

## REPORT AND RECOMMNEDATION

This matter comes before the Court on the Investor Intervenor's Annadale Partners, LP., Annadale Partners II, LP., Barbara K. Baldwin, Belmont Strategic Income Fund, LP. Edward E. Fallin, Jr., Theodore S. Fries, Donald L. Hampton, Kenny Allan Troutt, As trustee, on behalf of the Kenny Allan Troutt Descendants Trust, and the Rock of Gainesville, Inc.'s (Intervenors) Motion to Intervene (Doc. #30) filed on September 30, 2009. The Defendants, Sun Capitol, Inc., Sun Capitol Healthcare, Inc., HLP properties of Port Author, LLC, filed their Response in Opposition to the Motion (Doc. # 69) on October 12, 2009. The Plaintiff, Daniel S. Newman, filed his Response in Opposition (Doc. # 70) on October 12, 2009. The Intervenors filed a Motion to file Reply Briefs to the Parties Responses (Doc. # 72) on October 15, 2009. The Court denied the Motion for a Reply Brief, and therefore, the Motion to Intervene is ripe for review.

# FACTS

The Intervenors state that they invested funds with Stable-Value, Stable Value II, and Global Equity Fund, all subsidiaries or subdivisions of Founding Partners. The Intervenors brought suit in Texas state court against William L. Gunlicks and Founding Partners Capitol Fund, to restrain Gunlicks and Founding Partners from conduct the Intervenors allege is tortuous and in violation of certain agreements made with the Intervenors. On April 29, 2009, the Securities and Exchange Commission (SEC) filed a five-count securities fraud complaint against Founding Partners Capitol Management Company (Founding Partners) and William L. Gunlicks. Included in the SEC action were Founding Partners Stable-Value Fund, Stable -Value Fund II, Global Fund, and Hybrid-Value Fund.

In regards to the Founding Partner case, United States District Judge John E. Steele, appointed a Receiver to oversee the assets on behalf of the investors of Founding Partners. The initial Receiver was removed by the Court, and Daniel S. Newman, Esq. was appointed as the Receiver for Founding Partners. Newman is the current Receiver for all of the Founding Partner entities. On July 14, 2009, Newman in his role as Receiver filed the instant case against Sun Capitol.

Sun Capitol entered into Credit and Security Agreements (CSA) with Founding Partners to borrow funds from Founding Partners for the purpose of purchasing accounts receivable from healthcare providers. In this case, the Plaintiff alleges that Sun Capitol violated the CSAs by purchasing accounts receivable that were not authorized under the CSAs, including accounts receivable that were over 120 days old, and accounts receivable in default, to make real estate transactions for Sun Capitol's controlling individuals, and purchase accounts receivables from entities owned by controlling individuals.

As such, the Plaintiff alleges that Sun Capitol is in default of the CSAs and seeks the recovery of approximately $550 million dollars from two (2) loans made by Founding Partners Stable-Value Fund and one loan for five (5) million dollars. Because the loans were used to allegedly purchase accounts receivable and real estate not authorized by the CSAs, the Plaintiff filed the instant action. The Plaintiff currently has pending before the Court a TRO which has not been scheduled for a hearing or briefed by the Parties at this time.

## DISCUSSION

The Intervenors claim to be investors in Founding Partners various Stable-Value funds and seek to intervene in this case to protect their investment. Under the Federal Rules an intervenor may move to intervene as of right or join the case via permissive intervention. The Intervenors argue that they have the right to intervene under Fed. R. Civ. P. 24(a), or in the alternative they should be granted permissive intervention under Fed. R. Civ. P. 24(b).

### *(I) Whether the Intervenors may Intervene as of Right*

Under Fed. R. Civ. P 24(a) a party has a right to intervene if the applicant has a claim or interest in the case. Rule 24 reads in pertinent part:

> [u]pon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). "In this circuit, a party seeking to intervene under Rule 24(a)(2) must show: (1) that the intervention application is timely; (2) that an interest exists relating to the property or transaction which is the subject of the action; (3) that disposition of the action, as a practical matter,

may impede or impair the ability to protect that interest; and (4) the existing parties to the lawsuit inadequately represent the interests." TIG Specialty Ins. Co. v. Financial Web.com, Inc., 208 F.R.D. 336, 337 (M.D. Fla. 2002) (quoting Federal Savings and Loan Ins. Corp. v. Falls Chase Special Taxing District, 983 F.2d 211, 215 (11th Cir. 1993)). If each of these four requirements are met, the court must allow the party to intervene in the action. TIG Specialty Ins. Co., 208 F.R.D. at 337.

### *(1) Timeliness of the Motion to Intervene*

Rule 24(a) imposes a timeliness requirement on motions to intervene, however, unlike timing elements in some other Federal Rules, the actual time limits are not set out in Rule 24(a). *See* Heaton v Monogram Credit Card Bank of Georgia, 297 F.3d 416 (5th Cir. 2002) (holding that timeliness is determined from all the circumstances). Generally, Courts consider four factors in making a determination of timeliness: (1) length of delay in seeking intervention; (2) prejudicial impact of such delay on the existing parties; (3) prejudice to the intervenor if intervention is denied; and (4) other factors affecting fairness in an individual case. *See* Steven Baicker-Mckee, William M. Janssen, and John B. Corr, *Federal Civil Rules Handbook 2005*, Pt. III 551 (West 2005) (a brief but through discussion with relevant citations of law regarding timing issues under Rule 24). The case management scheduling conference required under Fed. R. Civ P. 26(f) has not yet taken place. Therefore, the Motion to Intervene should be considered as timely filed because the case is still in its early stages.

### *(2) Whether the Intervenors have an Interest in the Case*

The Supreme Court of the United States has defined "interest" under Rule 24 as a "significantly protectable interest." Danner Construction Company v. Hillsborough County, 2009 WL 2525486 * 3 (M.D. Fla. August 17, 2009) (citing Donaldson v. U.S., 400 U.S. 517, 531, 91 S.Ct.

534, 27 L.Ed.2d 580 (1971)); TIG Specialty Ins. Co., 208 F.R.D. 336, 337-338 (M.D. Fla. 2002). In determining the sufficiency of the interest, this Circuit requires that the intervenor "must be at least a real party in interest in the transaction which is the subject of the proceeding" and "must have a direct, substantial, legally protectable interest in the proceeding."TIG Specialty Ins. Co., 208 F.R.D. at 337 -338 (citing Worlds v. Dept. of Health and Rehabilitative Services, 929 F.2d 591, 594 (11th Cir.1991) (quoting Athens Lumber Co. v. Fed. Election Commission, 690 F.2d 1364, 1366 (11th Cir.1982)). Thus, a legally protectable interest is something more than an economic interest; rather the law requires that "the interest be one which substantive law recognizes as belonging to or being owned by the applicant." Mt. Hawley Insurance Company v. Sandy Lake Properties, Inc., 425 F. 3d 1308, 1311 (11th Cir. 2005). However, the Intervenors' interest does not have to "be of a legal nature identical to that of the claims asserted in the main action."Danner Construction Company,2009 WL 2525486 at * 3.

The Intervenors are all investors in Founding Partners Stable-Value Funds. They seek to intervene in this case because the loans made to Sun Capitol were made form Founding Partners Stable-Value Funds. The Plaintiff and Defendants argue that the Intevenors interest in this case is merely a speculative economic interest which is not sufficient under the Rule to allow them to intervene.

The Intervenors seek to protect their investment funds which were loaned to Sun Capitol. The Intervenors failed to support a position that they have a direct interest in the property at issue in this case because they did not directly invest in any of Sun Capitols property but instead invested in a plan that pooled assets from thousands of other investors. Those funds were then invested in Sun Capitol's health care businesses by Founding Partners. Based upon the law in this Circuit, a

claim for an economic interest is insufficient grounds to intervene. Mt. Hawley Insurance Company, 425 F. 3d at 1311.  Thus, it is respectfully recommended that the Intervenors do not have a specific protectable interest in this action that would require intervention on their part.

### *(3)  Whether the Disposition of the Action will Impede or Impair the Intervenors Ability to Protect Their Interest*

The Intervenors claim their ability to protect their interest in the invested funds is impeded because Sun Capitol still has unfettered use of the funds to expand Sun Capitol's hospital operations. The Plaintiff replies that the disposition of this action does not effect the outcome of the Intervenors because the Receiver is doing the same things the Intervenors would be forced to do to protect their interest.  Thus, the Intervenors would only create waste, cause distraction, and multiply the proceedings by adding other parties.  Furthermore, the disposition of this action will not impair the Intervenors ability to pursue their state court claims in Texas.

The Intevenors interest in this case would not be impeded as the Eleventh Circuit has held that an economic interest such as in this case is not a protectable interest.  Thus, there interest are not at risk of being impeded or impaired.

### *(4) Whether the Intervenors' Interest is being Adequately Protected by Existing Parties*

The Supreme Court has held that the inadequate representation requirement of Rule 24(a)(2) "is satisfied if the [proposed intervenor] shows that representation of his interest 'may be' inadequate," and "the burden of making that showing should be treated as minimal." Danner Construction Company, 2009 WL 2525486 at * 4 (citing Trbovich v. United Mine Workers of America, 404 U.S. 528, 538 n. 10, 92 S. Ct. 630, 30 L. Ed.2d 686 (1972)).

The Intervenors state that the Receiver's interest and their interest are different.  The

Intervenors argue the Receiver cannot adequately represent their interest because he was appointed to represent all of the investors and not their specific investment interest. The Intervenors' argument lacks merit. The very fact that the Receiver was appointed to represent all of the investors' interest defeats their argument because they are investors. The Receiver was appointed by the District Court to represent all of the investors interest. <u>Securities and Exchange Commission v Founding Partners</u>, 2:09-cv-229-FtM-29SPC (Doc. # 73). In his Order appointing Newman as the Receiver, Judge Steele gave the Receiver the authority to pursue and protect the assets of the investors in Founding Partners and any of its subsidiaries and/or assigns. The Receiver is fully empowered by the Court to protect those interests and is taking actions to fulfill his fiduciary duty. Thus, the Intervenors seek to pursue the exact same course as the Receiver.

The Intervenors funds were pooled with other investors from all over the country - there are no separate funds or loans that would allow the Intervenors upon which to make a separate claim. To allow the Intervenor investors to intervene in this action would prejudice the remaining investors because they would not have the same advantage. All of the investors would then seek to intervene and overwhelm the system with duplicate motions, waste and inefficiency. Such actions would in fact be detrimental to the Intervenors' interest and would defeat the purpose of appointing a receiver to represent the investors interest.

The Intervenors argue that the Receiver should seek to add parties including the Principles behind Sun Capitol. The Intevernors argue that their strategy to pierce the corporate veil would better serve their interest. The Intervenors' argument fails. The Interrvenors are merely arguing a legal strategy that may or may not fail. Thus, the Intervenors are not establishing that the Receiver

is not acting to preserve and protect their interest they are merely arguing startegy which is insufficient.

It is clear from the Court's Order and the Receivers own actions in bringing this case in order to recover funds invested by Founding Partners' investors in Sun Capitol's healthcare ventures, that the Receiver is representing the Intervenors interest. Thus, the Court finds that the Intervenor's interest is adequately being represented by the Receiver. Therefore, it is respectfully recommended that the Intervenors do not meet the standards necessary to intervene in this action as of right.

### *(II) Whether the Intervenors should be Allowed Permissive Intervention*

A court may grant a nonparty permission to intervene when the nonparty files a timely motion and "is given a conditional right to intervene by federal statute" or "has a claim or defense that shares with the main action a common question of law or fact." Florida Wildlife Federation, Inc. v. Johnson, 2009 WL 248078 *2 (N.D. Fla. February 2,2009) (citing Fed. R. Civ. P. 24(b)). A nonparty seeking to intervene with the court's permission must state an interest that is related to the action pending before the court. Mt. Hawley, 425 F.3d at 1312 (affirming the denial of a nonparty's motion for permissive intervention where the nonparty's purpose was not directly related to the underlying action). A district court has broad discretion in deciding whether to let a nonparty intervene under Rule 24(b), even when the nonparty has met the requirements of the rule. Worlds v. Department of Health & Rehabiltation Services, 929 F.2d 591, 595 (11th Cir.1991).

The Intervenors argue that they should be allowed to permissively join the action because they share questions of common fact and law with the Plaintiff and the defenses raised by the

Intervenor. The Plaintiff contends that the Intervenors' intervention would prejudice the rights of the original parties.

Based upon the facts of this action the Intervenors are properly represented by the Receiver in this case. A court is given broad discretion to allow a nonparty to intervene in a lawsuit where the nonparty's claim contains a common question of law or fact and intervention will not hinder the adjudication of the original lawsuit. Georgia v. United States Army Corps of Engineer's, 302 F.3d 1242, 1250 (11th Cir.2002) ("Permissive intervention ... is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties."). Here the Intervenors could and most likely would seek to undermine the Receivers ability to fairly and equally represent the interest of all of the investors in favor of the Intervenors' interest. To allow the intervention by some of the investors while the remainder of the investors remain outside as non-partys would be prejudicial to those investors not joined to the case. Thus, it is respectfully recommended that the Motion for Permissive Intervention should be denied. *See* Id. (holding "[p]ermissive intervention ... is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties.").

Accordingly, it is now

**RESPECTFULLY RECOMMENDED**:

The Investor Intervenor's Annadale Partners, LP., Annadale Partners II, LP., Barbara K. Baldwin, Belmont Strategic Income Fund, LP. Edward E. Fallin, Jr., Theodore S. Fries, Donald L.

Hampton, Kenny Allan Troutt, as trustee, on behalf of the Kenny Allan Troutt Descendants Trust, and the Rock of Gainesville, Inc.'s (Intervenors) Motion to Intervene (Doc. #30) should be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully Recommended** at Fort Myers, Florida, this __11th__ day of December, 2009.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record