# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

DANIEL S. NEWMAN, as a Receiver for Founding
Partners Capital Management Company; Founding
Partners Stable-Value Fund, L.P.; Founding
Partners Stable-Value Fund, II, L.P.; Founding
Partners Global Fund, Ltd., and Founding Partners
Hybrid-Value Fund, L.P.,

                        Plaintiff,

-vs-                                              Case No. 2:09-cv-445-FtM-29SPC

SUN CAPITAL, INC. a Florida corporation; SUN
CAPITAL HEALTHCARE, INC., a Florida
corporation; HLP PROPERTIES OF PORT
ARTHUR, LLC, a Texas limited liability company,

                        Defendants.
_____

## ORDER

This matter comes before the Court on the Receiver, Daniel S. Newman's Emergency Motion to Compel the Production of Documents from Defendants and Affiliates (Doc. #90) filed on November 25, 2009. The Defendants filed their Response in Opposition (Doc. # 96) on December 4, 2009. The District Court referred the Motion to this Court on December 4, 2009. On January 13, 2009, the Receiver, with leave of the Court, filed his Reply Brief (Doc. # 117). The Motion is now ripe for review.

The Receiver moves the Court to compel the Defendants to produce financial documents related to Sun Capitol's investments with Founding Partners funds. Specifically, the Receiver seeks:

(1) the Sun Entities' monthly financial reports through the Present, for each of SCHI and SCI (until two days ago, the latest reports produced were through July 2009);

(2) Promise's and Success's monthly financial reports through the Present, for each hospital owned by Promise and Success (the latest reports produced are through June 2009) and;

(3) the Sun Entities, Promise's and Success's monthly reports of cash flow, actual and projected from January 1, 2009 through the present (none have been produced).

(4) the Sun Entities (and, if applicable, Promise and Success) to produce all responsive, non-privileged documents that have been selectively withheld by them based on an artificial March 2009 cut-off date (or otherwise log and account for their non-production).

(5) the Sun Entities to provide formal responses to the Receiver's Second Set of Document Requests directed at SCHI and SCI.

(6) Promise and Success to provide fomal responses to the Receiver's subpoenas directed at them.

(7) the Sun Entities (and if applicable, Promise and Success) to explain what has been withheld from review and production on the "back up tapes" and why production from the back up tapes would involve an "extraordinary" amount of effort.

The Receiver states the financial reports are in existence, can be easily located and produced by the Sun Entities, Promise, and Success, and are critically relevant to the issues in the pending Motion for Preliminary Injunction. However, while the Receiver does lay out the categories of discovery requested, the Receiver does not indicate to the Court what documents and financial statements have been produced in compliance with the propounded requests for production, nor does the Receiver tell the Court what the Defendants objections to the discovery are and why those objections should be overruled.

Under the Local Rules:

> [a] motion to compel discovery pursuant to Rule 36 or Rule 37, Fed. R. Civ. P., shall include quotation in full of each interrogatory, question on deposition, request for production to which the motion is addressed; each of which shall be followed immediately by quotation in full of the objection and grounds therefor as stated by the opposing party; or the answer or response which is asserted to be insufficient, immediately followed by a statement of the reason the motion should be granted.

M.D. Fla. Local Rule 3.04(a). The Plaintiff's did not comply with the Local Rules, and as such his Motion is due to be denied.

Accordingly, it is now

**ORDERED:**

The Receiver, Daniel S. Newman's Emergency Motion to Compel the Production of Documents from Defendants and Affiliates (Doc. #90 ) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___16th___ day of January, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record