UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL S. NEWMAN, as a Receiver for Founding
Partners Capital Management Company; Founding
Partners Stable-Value Fund, L.P.; Founding
Partners Stable-Value Fund, II, L.P.; Founding
Partners Global Fund, Ltd., and Founding Partners
Hybrid-Value Fund, L.P.,

         Plaintiff,

-vs-                Case No. 2:09-cv-445-FtM-29SPC

SUN CAPITAL, INC. a Florida corporation; SUN
CAPITAL HEALTHCARE, INC., a Florida
corporation; HLP PROPERTIES OF PORT
ARTHUR, LLC, a Texas limited liability company,

         Defendants.
_____

**ORDER**

  This matter comes before the Court on the Defendants' Emergency Motion to Compel the Production of Documents (Doc. #149 ) filed on January 27, 2009. The Plaintiff filed his expedited Response in Opposition on February 2, 2010.

  As grounds for the Emergency Motion to Compel, the Defendants argue they need the information to prepare their response to the Plaintiff/Receiver's Memorandum in Opposition to their Motion for a Preliminary Injunction. The Defendants' response is due on February 16, 2010.

  The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). Likewise a party upon whom interrogatories have been served has thirty days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b). If the serving

party does not receive a response to their interrogatories and request for production the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the order to compel is at the discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

On September 14, 2009, the Receiver served his responses to the Defendants' first and second document requests. In his Response, the Receiver stated that he would produce the documents to twenty-nine (29) of the Defendants' thirty-three (33) document requests. On October 30, 2009, the Receiver stated that he would produce some of the documents made in the Defendants' third request for production. The Defendant states that to date the Receiver has produced 33,965 pages of documents.

The Defendants argue that the Receiver misled them regarding his discovery intentions when he agreed in writing to produce documents. The Defendant notes that the Receiver stated he would produce the documents in his response to the requests. However, the Receiver actually stated in his replies that without waiving his general objections filed with the responses he would produce the materials. Therefore, the general objections have not been waived as asserted by the Defendants. The Receiver does not address this allegation in his response to the Defendants' Motion to Compel.

In fact, the Receiver expressly objects to the production and search of all of Founding Partners electronic files to determine what responsive files exist. (Doc. # 149, Ex. 4, ¶ 13). Thus, the Receiver did not waive his objections to the electronic file search, but in fact made that very objection in his responses to the request for production. Furthermore, the Receiver states that it is willing to conduct limited more targeted searches of Founding Partners data base, and has requested

the Defendants' aid in creating more targeted search criteria rather than a blanket search of the entire data base.

The Defendants do not argue that the Receiver failed to produce documents responsive to the requests, but that the Receiver failed to perform an extensive search of every file to see if any responsive documents might exist in those files. It is apparent to the Court that such requests are overly broad and appear to be nothing more than a fishing expedition casting a broad net in hopes of finding something rather than specifically targeted requests for discovery.

Accordingly it is now

**ORDERED:**

The Defendants' Emergency Motion to Compel the Production of Documents (Doc. #149) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this  4th   day of February, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record