UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL S. NEWMAN, as Receiver for
Founding Partners Capital Management
Company; Founding Partners Stable-Value Fund,
L.P.; Founding Partners Stable-Value Fund II,
L.P.; Founding Partners Global Fund, Ltd.; and
Founding Partners Hybrid-Value Fund, L.P.,

Plaintiff,

vs.                                    Case No. 2:09-cv-445-FtM-99SPC
                                       (Ancillary to Case No. 2:09-cv-229-FtM-29SPC)

SUN CAPITAL, INC., a Florida corporation,
SUN CAPITAL HEALTHCARE, INC., a Florida
corporation, and HLP PROPERTIES OF PORT
ARTHUR, LLC, a Texas limited liability
company,

Defendants.
_____/

**ORDER GOVERNING THE
USE OF CONFIDENTIAL DISCOVERY INFORMATION**

WHEREAS, discovery proceedings in the above-captioned action (the "Action") will necessarily involve the production of certain documents and information that the Defendants believe is confidential and sensitive commercial, financial or business information of the Defendants or their employees or affiliates; but Defendants are prepared to produce such material or information so long as such material or information is not used for purposes other than the Action or disseminated

beyond the persons necessary to the proceedings in the Action; and

WHEREAS the Receiver does not agree that Defendants have demonstrated a need for a confidentiality order or the limitations set forth herein, but because the Defendants insist on a confidentiality agreement or order as a condition of providing discovery materials and because the order herein ensures that the burden of proving that any document is entitled to confidential status or limitations in disclosure is borne by, and remains with, the designating party, the Receiver consents to this Order;

IT IS HEREBY ORDERED, pursuant to Fed. R. Civ. P. 26(c) and ¶ F of the Court's standard Case Management Order, that this Order Governing the Use of Confidential Discovery Information (the "Confidentiality Order") shall govern the handling of documents, depositions upon oral examination, and any other discovery information produced in this Action ("Discovery Material"), by any Party to the Action or non-party (a "Producing Party"), as follows:

1. Any Producing Party may designate any Discovery Material as "Confidential" or "Highly Confidential" under the terms of this Confidentiality Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential, proprietary or commercially sensitive information that should not be disseminated beyond the parties to this Action (hereinafter "Confidential Discovery Material," which term includes material designated both Confidential and Highly Confidential)

    a. Material or information may be designated as Confidential if it includes non-public information related to (i) business or operations summaries, plans or projections; (ii) trade secrets, methodologies and proprietary technical information; (iii) financial or accounting results or data; (iv) studies or analyses by internal or outside analysts, experts or consultants; (v) information concerning customers or their businesses, patients or employees; (vi) information concerning employees,

principals, or their relatives; (vii) banking or tax information; (viii) costs or pricing of goods and services; (ix) contracts, agreements or communications with customers, employees, affiliates or lenders; or (x) other non-public information of a similar nature.

    b. Material or information may be designated as Highly Confidential if it includes Confidential Material that is current, projected, or particularly commercially or competitively sensitive. The Parties contemplate that the Highly Confidential designation shall be used sparingly for only the most sensitive materials produced.

2. The designation of Discovery Material as Confidential or Highly Confidential shall be made in the following manner:

    a. In the case of documents or other materials (apart from depositions or other pretrial testimony), by: (i) affixing the legend "Confidential" or "Highly Confidential" to each page (whether paper or electronic) containing such material; or (ii) in the case of electronically stored information produced in native format, by including such a legend in the file or directory name or affixing it to the media containing the material.

    b. In the case of depositions or other pretrial testimony, by: (i) a statement on the record, by counsel, at or before the conclusion of the deposition or testimony; or (ii) a written notice, sent by counsel to all Parties within seven (7) business days of the receipt of the transcript of such deposition or testimony; provided that any such deposition or testimony shall be presumed to be Confidential or Highly Confidential to the extent that it concerns any documents that have been designated Confidential or Highly Confidential, and shall be treated as such pending final designation by the Producing Party.

3. Inadvertent failure to designate material as Confidential Discovery Material shall not constitute a waiver of such claim and may be corrected by supplemental written notice. Upon

receiving such supplemental notice, the Parties shall thereafter mark and treat the Discovery Material so designated as Confidential Discovery Material accordingly, and such Discovery Material shall be fully subject to this Confidentiality Order from the date of such notification forward.

4. Confidential Discovery Material (including Highly Confidential material) may be used only for the purposes of this Action, the SEC action to which it is ancillary (no. 2:09- cv-229) ("the SEC Action") (including for appropriate reports to the Court by the Receiver in the SEC Action), and any other action brought by the Receiver pursuant to the Order Appointing Replacement Receiver entered in the SEC Action for which such information is reasonably necessary (a "Receiver Action"), provided that in the event of such Receiver Action, the Receiver shall specifically apply to the Court to extend this Order to said Receiver Action after giving notice to the Defendants and any non-parties providing information under the protections of this Order of his intention to do so. Such material shall not be used for any other purpose, including, without limitation, any business or commercial purpose or any other litigation or proceeding, except for a business resolution of this Action between the Parties to this Action or a Receiver Action; provided, however, that the foregoing shall not apply to Discovery Material that properly is or becomes part of the public record.

5. Confidential Discovery Material (including Highly Confidential material) may not be disseminated, disclosed, summarized, described, or otherwise communicated or made available in whole or in part to any person except the following:

    a. Outside counsel and inside counsel for the Parties, and the paralegals, secretaries, employees, and service vendors of such counsel (including outside copying services and outside litigation support services) who are assisting in the preparation and trial of this Action, the SEC Action, or a Receiver Action;

    b. Any person indicated on the face of a document to be the author, addressee, or an

actual or intended recipient of the document;

   c. Experts or consultants necessary to assist counsel for the Parties, and secretaries, employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting in the preparation and trial of this Action, provided that such expert or consultant is using said Discovery Material solely in connection with this Action, and further provided that such expert or consultant (and if the expert or consultant is a firm, each individual at the firm who is involved in the project) signs an undertaking in the form attached hereto as Exhibit A, agreeing in writing to be bound by the terms and conditions of this Confidentiality Order, consenting to the jurisdiction of the Court for purposes of enforcement of the terms of this Confidentiality Order, and agreeing not to disclose or use any Confidential Discovery Material for purposes other than those permitted hereunder.

   d. Witnesses or deponents and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this Action, the SEC Action, or a Receiver Action;

   e. The Parties themselves, including any officers or employees of the Parties, or any subsidiary or affiliate thereof, who are assisting the Parties or who appear as witnesses in this Action, the SEC Action, or a Receiver Action; and

   f. The Court, persons employed by the Court, and court reporters transcribing any hearing, trial or deposition in this Action, the SEC Action, or a Receiver Action or any appeal therefrom.

 6. Every person to whom Confidential (including Highly Confidential) Discovery Material is disclosed, summarized, described, or otherwise communicated or made available in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Confidentiality Order and may not be disclosed or used for purposes other than those permitted

hereunder. Each such person shall maintain the Discovery Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure.

7. Counsel providing Confidential Discovery Material to persons required to execute a confidentiality statement in the form attached as Exhibit A shall retain the original signed statement. Executed confidentiality statements shall be discoverable prior to entry of the Final Order and Judgment in this Action only to the extent required to enforce this Confidentiality Order, if a Producing Party has a good faith concern that its Confidential Discovery Material has not been maintained in accordance with this Confidentiality Order.

8. Filing under seal will be required only for material or information designated Highly Confidential. Any pleading, brief, memorandum, motion, letter, affidavit, exhibit or other document filed with the Court that discloses, contains, or describes Highly Confidential Discovery Material shall be filed under seal in accordance with the provisions of Rule 1.09 of the Rules of the Middle District of Florida (a "Filing Under Seal"). (This requirement does not apply to materials containing or disclosing only Confidential Discovery Material.) Insofar as this Court's Administrative Procedures for Electronic Filing (¶¶ I.B.4, III.A, B) provide that a motion to file under seal may be e-filed but the sealed documents themselves are maintained in hard copy and not e-filed, the following rules apply:

a. A Filing Under Seal shall contain a legend on each page stating: "THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL"; and shall contain a cover page containing the following legend:

> **THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL.**
> **If you are not authorized by Court order to view or retrieve this document, read no further than this page. You should contact the following person:**

[filing attorney's name]
[filing attorney's firm name]
[address of firm]
[telephone and facsimile numbers of filing attorney]

b. In addition, a Filing Under Seal shall be submitted in a sealed envelope or package marked with the title of the Action and bearing a statement substantially in the following form:

**CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO AN ORDER DATED _____, 2009, GOVERNING THE USE OF CONFIDENTIAL DISCOVERY INFORMATION. THIS ENVELOPE IS NEITHER TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY OR TO QUALIFIED PERSONS OR BY COURT ORDER.**

c. All such materials so filed shall be released from confidential treatment only as provided by further order of the Court or by Rule 1.09 of the Rules for the Middle District of Florida.

9. During the pendency of this Action, any Party objecting to the designation of any Discovery Material as Confidential or Highly Confidential shall first make a good faith effort to resolve such issue with the Producing Party. If that effort fails, the objecting party may move on reasonable notice for an order vacating the designation. The party asserting the designation shall have the burden of justifying the designation. While such an application is pending, the material or testimony in question shall be treated as Confidential or Highly Confidential, as designated.

10. Entering into, producing or receiving Discovery Material pursuant to, or otherwise complying with the terms of this Confidentiality Order shall not (i) operate as an admission that any particular material constitutes Confidential or Highly Confidential Discovery Material, (ii) prejudice in any way the rights of any Party or Producing Party to object to the production of documents or to the authenticity or admissibility of any Discovery Material, or to seek a Court determination whether

any Discovery Material should be subject to the terms of this Confidentiality Order, or (iii) prevent any Party or Producing Party from seeking a further protective order relating to any Discovery Material or from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

11. This Confidentiality Order has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing herein shall impose any restrictions on the use or disclosure by a Party of documents, materials or information, even if designated as Confidential Discovery Material, that such Party has lawfully obtained independently of the discovery proceedings in this Action (including documents, materials, and information exchanged between the Parties not through formal litigation discovery demands) and that is not otherwise subject to confidentiality restrictions.

12. Non-Parties who are Producing Parties shall have the benefit of this Confidentiality Order, and shall be entitled to enforce its terms, if they agree to be bound hereby.

13. The Parties agree to be bound by the terms of this Confidentiality Order without regard to whether it becomes entered as an order by the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if it had been entered as an order by the Court.

14. The provisions of this Confidentiality Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this Action, the SEC Action, or a Receiver Action, including any appeals.

15. Within forty-five (45) days after receiving notice of the entry of an order, judgment or decree finally disposing of this Action, including any appeal therefrom, and upon the written request of the Producing Party, all persons having received Confidential or Highly Confidential Discovery Material shall make a good-faith effort either to return all copies or versions of such material

(including summaries and excerpts) to counsel for the Producing Party, or to destroy all such copies or versions and certify to that fact; provided, however, that in the event that the SEC Action or a Receiver Action is still pending and the Confidential or Highly Confidential Material is still needed in connection with such action, the time for complying with this procedure shall be extended until 45 days after the conclusion of that action. However, counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product, provided that such counsel (and employees of such counsel) shall not disclose the court papers, deposition and trial transcripts or attorney work product to any person except pursuant to a court order or agreement with the Producing Party.

16. In the event that any Confidential or Highly Confidential Discovery Material is used in any court proceeding in this Action, the SEC Action, or a Receiver Action, such material shall not lose its Confidential status through such use unless it properly becomes part of the public record. Prior to any Court proceeding in which Confidential or Highly Confidential Discovery Material is to be used, Counsel shall confer on such procedures as are necessary to protect such material.

17. If a Party or non-party in possession of Confidential Discovery Material receives a subpoena or other compulsory process seeking production or other disclosure of such material, that Party or non-party shall give written and telephonic notice of that fact to counsel for the Producing Party within three (3) business days after receipt of the subpoena or other compulsory process, enclosing a copy of the subpoena or other compulsory process. If the Producing Party timely seeks a protective order, the Party or non-party to which the subpoena or other compulsory process was issued or served shall not produce the Confidential Discovery Material called for prior to receiving a court order or the consent of the Producing Party. In the event that any Confidential Discovery Material is produced to the person seeking its discovery, such material shall still be treated in

accordance with the designation as Confidential Discovery Material by the Parties and non-parties who agreed to be bound by this Confidentiality Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of March, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: Counsel of record
DCCD

**Exhibit A**

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

DANIEL S. NEWMAN, as Receiver for Founding
Partners Capital Management Company; Founding
Partners Stable-Value Fund, L.P.; Founding Partners
Stable-Value Fund II, L.P.; Founding Partners Global
Fund, Ltd.; and Founding Partners Hybrid-Value
Fund, L.P.,

                              Plaintiff,

vs.                             Case No. 2:09-cv-445-FtM-99SPC
                                  (Ancillary to Case No. 2:09-cv-229-FtM-29SPC)

SUN CAPITAL, INC., a Florida corporation, SUN
CAPITAL HEALTHCARE, INC., a Florida
corporation, and HLP PROPERTIES OF PORT
ARTHUR, LLC, a Texas limited liability company,

                              Defendants.
_____/

**AGREEMENT TO BE BOUND BY THE ORDER GOVERNING
THE USE OF CONFIDENTIAL DISCOVERY INFORMATION**

I have read the Order Governing the Use of Confidential Discovery Information (the "Confidentiality Order") in the above-captioned action. I understand its terms and agree to be fully bound by them, and I hereby submit to the jurisdiction of the United States District Court, Middle District of Florida, Fort Myers Division for purposes of enforcement of the Confidentiality Order.

                                                   _____
                                                   Print name:

Dated: _____