UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL S. NEWMAN, as a Receiver for Founding
Partners Capital Management Company; Founding
Partners Stable-Value Fund, L.P.; Founding
Partners Stable-Value Fund, II, L.P.; Founding
Partners Global Fund, Ltd., and Founding Partners
Hybrid-Value Fund, L.P.,

                        Plaintiff,

-vs-                                             Case No.   2:09-cv-445-FtM-29SPC

SUN CAPITAL, INC. a Florida corporation; SUN
CAPITAL HEALTHCARE, INC., a Florida
corporation; HLP PROPERTIES OF PORT
ARTHUR, LLC, a Texas limited liability company,

                        Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Plaintiff Daniel S. Newman's Motion for Leave to File an Amended Complaint (Doc. #159) filed on March 1, 2010.  The Defendants filed their Response in Opposition (Doc. # 179) on March 24, 2010.  The Motion is now ripe for review.

      Under rule 15(a),  a party may amend the party's pleading only by leave of court or by written consent of the adverse party after a responsive pleading has been served. Fed. R. Civ. P. 15(a); Keene v. Teco Energy Corp., 2000 WL 230243 (M.D. Fla.).  "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." Laurie v. Alabama Court of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001). However, pursuant to Fed. R. Civ. P. 15(a), timely motions for leave to amend are held to a very liberal standard and leave to amend should be freely

given when justice so requires. Senger Brothers Nursery, Inc. v. E.I. Dupont De Nemours & Company, 184 F.R.D. 674, 678 (M.D. Fla 1999).  Thus, Rule 15(a) limits the court's discretion by requiring that leave to amend must be "freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962); Nat'l. Independent Theatre Exhibitors, Inc. v. Charter Financial Group, Inc., 747 F.2d 1396, 1404 (11th Cir. 1984). As a result, the Court must provide substantial justification if the Court denies a timely filed motion for leave to amend. Laurie, 256 F.3d at 1274. "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of allowance of the amendment.'" Id.

The Plaintiff's claims against the existing Sun Capitol Defendants remain essentially unchanged with the addition of a claim for breach of a note that was due in January of 2010.  The Plaintiff's new claim against the Sun Capitol Defendants should be granted pursuant to the liberal pleading standard established under Fed. R. Civ. P. 15(a).

The Plaintiff also seeks to add at least thirty-five (35) new defendants under an alter ego theory, suggesting fraudulent transfer claims, claims for conversion, unjust enrichment by the new defendants, and new claims of fraudulent inducement and breach of contract claims based upon events that took place after July 19, 2009. The Plaintiffs claims against the putative defendants fail even under the liberal standard to amend.  While leave to amend the pleadings pursuant to Fed.R.Civ.P. 15(a) is freely permitted, McKinley v. Kaplan, 177 F.3d 1253, 1258 (11th Cir.1999), the Plaintiff's Motion is simultaneously governed by Fed. R. Civ. P. 20(a). Exime v. E.W. Ventures, Inc., 250 F.R.D. 700, 700 -701 (S.D. Fla. 2008).  "A plaintiff seeking to join a putative defendant under Rule 20(a) must demonstrate: (1) a right to relief arising out of the same transaction or

occurrence, or series of transactions or occurrences, and (2) some question of law or fact common to all persons seeking to be joined." Id. (citing Fed.R.Civ.P. 20(a)).

Here, the Plaintiff seeks to add numerous individual putative defendants because they pledged their ownership interest in various hospitals and or hospital holding companies as collateral for loans that are currently the subject of foreclosure claims. Additionally, the Plaintiff seeks to amend by adding as putative defendants hospitals that borrowed or used funds provided by the Sun Capitol Defendants for purposes the Plaintiff claims were not authorized under the Credit and Security Agreements (CSA) entered into with Stable Value and Sun Capitol. The Plaintiff, therefore, seeks to join them as defendants arguing that the putative defendants are fraudulent transferees of funds originating in Florida and are constructive trustees subject to an equitable lien.

The Plaintiff's claims against the putative defendants fail because the claims do not arise out of the same transactions or occurrences that are the subject of this lawsuit. The putative defendants were not parties to the financial transactions between Stable Value and the Sun Capitol Defendants, but, instead were third party borrowers of the funds from Sun Capitol. The Plaintiff's Motion fails to establish the necessary requirements pursuant to Fed. R. Civ. P. 20. Thus, the Motion for Leave to Amend and Add Parties should be denied.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Plaintiff Daniel S. Newman's Motion for Leave to File an Amended Complaint (Doc. #159) should be **GRANTED in part and DENIED in part**.

(1) The Plaintiff Daniel S. Newman's Motion for Leave to File an Amended Complaint adding claims against the Sun Capitol Defendants for defaulting on the note due January 10, 2010, should be **GRANTED**.

(2) The Plaintiff Daniel S. Newman's Motion for Leave to File an Amended Complaint to add the putative defendants should be **DENIED**.

(3) The Plaintiff should be allowed to amend his Complaint in compliance with this Report and Recommendation within fourteen (14) days of the Court's ruling.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this ___12th___ day of April, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record