UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL S. NEWMAN, as a Receiver for Founding
Partners Capital Management Company; Founding
Partners Stable-Value Fund, L.P.; Founding
Partners Stable-Value Fund, II, L.P.; Founding
Partners Global Fund, Ltd., and Founding Partners
Hybrid-Value Fund, L.P.,

                        Plaintiff,

-vs-                                        Case No. 2:09-cv-445-FtM-29SPC

SUN CAPITAL, INC. a Florida corporation; SUN
CAPITAL HEALTHCARE, INC., a Florida
corporation; HLP PROPERTIES OF PORT
ARTHUR, LLC, a Texas limited liability company,

                        Defendants.
_____

## ORDER

This matter comes before the Court on the Receiver, Daniel S. Newman's Unopposed Motion to File Under Seal Pursuant to Confidentiality Order (Doc. #184) filed on April 16, 2010. The Receiver moves the Court to file an unredacted copy of his Motion to Strike Reply Declarations (Doc. # 182) under seal.

The Local Rules state in pertinent part:

> [u]nless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the word's " Motion to Seal" and which includes (i) an identification and description of each proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal. The

> movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section.

M.D. Fla. Local Rule 1.09(a).

The right of access to judicial records pursuant to the common law is well established. Microlumen, Inc. v. Allegrath, 2007 WL 1247068 *1 (M..D. Fla. April 30, 2007) (citing Nixon v. Warner Communications, Inc., 435 U. S. 589, 597, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978)). This right to access, however, is not absolute. Microlumen, 2007 WL 1247068 at *1 (citing Globe Newspaper Co. v. Superior Court for Norfolk County, 457 U.S. 596, 598, 102 S. Ct. 2613, 73 L. Ed. 2d 248 (1982)). When deciding whether to grant a party's motion to seal, the court is required to balance the historical presumption of access against any competing interest. Microlumen, 2007 WL 1247068 at *1. A request to restrict access to pleadings and evidence filed with the court is subject to heightened scrutiny. Id.

Pursuant to this Court's Confidentiality Order (Doc. # 178) good cause exists to grant the Motion and allow the Receiver's Motion to be filed under seal.

Accordingly, it is now

**ORDERED:**

The Receiver, Daniel S. Newman's Unopposed Motion to File Under Seal Pursuant to Confidentiality Order (Doc. #184) is **GRANTED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___21st___ day of April, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record