UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL S. NEWMAN, as a Receiver for Founding
Partners Capital Management Company; Founding
Partners Stable-Value Fund, L.P.; Founding
Partners Stable-Value Fund, II, L.P.; Founding
Partners Global Fund, Ltd., and Founding Partners
Hybrid-Value Fund, L.P.,

        Plaintiff,

-vs-              Case No.  2:09-cv-445-FtM-29SPC

SUN CAPITAL, INC. a Florida corporation; SUN
CAPITAL HEALTHCARE, INC., a Florida
corporation; HLP PROPERTIES OF PORT
ARTHUR, LLC, a Texas limited liability company,

        Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This matter comes before the Court on the Putative Intervenors, Joint Emergency Motion to Intervene on Behalf of Founding Partners Capitol Management Company Shareholders and William L. Gunlicks (Doc. #216) filed on December 10, 2010. The Receiver, Daniel S. Newman, filed his Response in Opposition (Doc. # 223) on December 30, 2010. On January 7, 2010, the Putative Intervenors filed a Reply Brief (Doc. # 226) to the Receiver's Response in Opposition. The Receiver filed his Sur-Reply (Doc. # 277) on January 14, 2011. The Motion is now ripe for the Court's review.

## FACTS

In this instance the Putative Intervenors, William L. Gunlicks and his three children, William V. Gunlicks, Annalee Gunlicks Good, and Nissa Gunlicks are shareholders in Founding Partners. The Gunlicks children are purportedly the beneficiary of a separate trust which they claim are the minority shareholders in Founding Partners.

On April 29, 2009, the Securities and Exchange Commission (SEC) filed a five-count securities fraud complaint against Founding Partners Capitol Management Company (Founding Partners) and William L. Gunlicks. Included in the SEC action were Founding Partners Stable-Value Fund, Stable -Value Fund II, Global Fund, and Hybrid-Value Fund.

In regards to the Founding Partner case, United States District Judge John E. Steele, appointed a Receiver to oversee the assets on behalf of the investors of Founding Partners. The initial Receiver was removed by the Court, and Daniel S. Newman, Esq. was appointed as the Receiver for Founding Partners. Newman is the current Receiver for all of the Founding Partner entities. On July 14, 2009, Newman in his role as Receiver filed the instant case against Sun Capitol.

Sun Capitol entered into Credit and Security Agreements (CSA) with Founding Partners to borrow funds from Founding Partners for the purpose of purchasing accounts receivable from healthcare providers. In this case, the Plaintiff alleges that Sun Capitol violated the CSAs by purchasing accounts receivable that were not authorized under the CSAs, including accounts receivable that were over 120 days old, and accounts receivable in default, to make real estate transactions for Sun Capitol's controlling individuals, and purchase accounts receivables from entities owned by controlling individuals.

As such, the Plaintiff alleges that Sun Capitol is in default of the CSAs and seeks the recovery of approximately $550 million dollars from two (2) loans made by Founding Partners Stable-Value Fund and one loan for five (5) million dollars made from HLP to Stable-Value that matured in June of 2009. Because the loans were used to allegedly purchase accounts receivable and real estate not authorized by the CSAs, the Plaintiff filed the instant action. On December 6, 2010, the Receiver filed a Joint Notice of Settlement (Doc. # S-2) under seal.

## DISCUSSION

Under the Federal Rules of Civil Procedure an intervenor may move to intervene as of right or for permissive intervention. The Intervenors argue that they have the right to intervene under Fed. R. Civ. P. 24(a), or in the alternative they should be granted permissive intervention under Fed. R. Civ. P. 24(b). The Putative Intervenors claim that they have a vested right to intervene in this action because there are several lawsuits filed in other courts against the Putatuive Intervenors that are related to the outcome of this case. Further, they claim that Gunlicks has a vested right due to the allegations that he violated his fiduciary duty to Founding Partners. Additionally, the Putative Intervenors claim a vested right to intervene because they are shareholders in Founding Partners. The Putative Intervenors do not move the Court for permissive intervention. The Receiver objects stating they fail to meet the requirements under the Federal Rules to intervene as of right.

*Whether the Intervenors May Intervene as of Right*

Under Fed. R. Civ. P 24(a) a party has a right to intervene if the applicant has a claim or interest in the case. Rule 24 reads in pertinent part:

> [u]pon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so

> situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). "In this circuit, a party seeking to intervene under Rule 24(a)(2) must show: (1) that the intervention application is timely; (2) that an interest exists relating to the property or transaction which is the subject of the action; (3) that disposition of the action, as a practical matter, may impede or impair the ability to protect that interest; and (4) the existing parties to the lawsuit inadequately represent the interests." TIG Specialty Ins. Co. v. Financial Web.com, Inc., 208 F.R.D. 336, 337 (M.D. Fla. 2002) (quoting Federal Savings and Loan Ins. Corp. v. Falls Chase Special Taxing District, 983 F.2d 211, 215 (11th Cir. 1993)). If each of these four requirements are met, the court must allow the party to intervene in the action. TIG Specialty Ins. Co., 208 F.R.D. at 337.

### *(1) Timeliness of the Motion to Intervene*

Rule 24(a) imposes a timeliness requirement on motions to intervene, however, unlike timing elements in some other Federal Rules, the actual time limits are not set out in Rule 24(a). *See* Heaton v Monogram Credit Card Bank of Georgia, 297 F.3d 416 (5th Cir. 2002) (holding that timeliness is determined from all the circumstances). Generally, Courts consider four factors in making a determination of timeliness: (1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely. In re CP Ships Ltd., Securities Litigation, 2008 WL 2473684 * 2 (M.D. Fla. June 19, 2008) (citing Campbell

v. Hail-Mark Elecs. Corp., 808 F.2d 775, 777 (11th Cir.1987)); *See* Steven Baicker-Mckee, William M. Janssen, and John B. Corr, Federal Civil Rules Handbook 2011, Pt. III 703 (West 2011) (a brief but thorough discussion with relevant citations of law regarding timing issues under Rule 24).

This case was originally filed on July 14, 2009. (Doc. # 1). The Putative Intervenors have had notice of this case since its inception and have been involved in related cases between the SEC and Founding Partners which were initiated prior to the Receiver filing this case. The Parties filed under seal a notice of settlement agreement on December 6, 2010.  It is disingenuous for the Putative Intervenors to now state that they have a right to intervene in this action at this late date, a year and a half after its inception and after a Notice of Settlement was filed.  Intervention at this point in time would also effectively delay the proposed settlement.

The Putative Intervenors argue that they will suffer prejudice in other similar cases that are intertwined with this case if they are not allowed to intervene.  While the Putative Intervenors argue that their interest in other cases is dependent upon the outcome here, it is impossible for the Court to determine if their interest in any other cases would be effected by the outcome of this case. Furthermore, their interest in any other cases is not a legally protectable interest in this action. See Mt. Hawley Insurance Co. v. Sandy Lakes Properties, 435 F.3d 1308, 1310 (11th Cir. 2005) (holding that an interest contingent upon the outcome of other pending litigation is not a legally protectable interest).  Since the Putative Intervenors cannot establish that they will suffer any prejudice to their legally protectable interest if they are not allowed to intervene in this case, they have failed to overcome the untimeliness of their filing of the instant Motion to Intervene.

Thus, the Court respectfully recommends that the Motion to Intervene is untimely and should be denied as such. However, even if the Court should find that the Motion was timely filed, the Putative Intervenors have failed to demonstrate entitlement to intervention as of right in this case.

### *(2) Whether the Intervenors have an Interest in the Case*

The Supreme Court of the United States has defined "interest" under Rule 24 as a "significantly protectable interest." Danner Construction Company v. Hillsborough County, 2009 WL 2525486 * 3 (M.D. Fla. August 17, 2009) (citing Donaldson v. U.S., 400 U.S. 517, 531, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971)); TIG Specialty Ins. Co., 208 F.R.D. 336, 337-338 (M.D. Fla. 2002). In determining the sufficiency of the interest, this Circuit requires that the intervenor "must be at least a real party in interest in the transaction which is the subject of the proceeding" and "must have a direct, substantial, legally protectable interest in the proceeding." TIG Specialty Ins. Co., 208 F.R.D. at 337 -338 (citing Worlds v. Dept. of Health and Rehabilitative Services, 929 F.2d 591, 594 (11th Cir.1991) (quoting Athens Lumber Co. v. Fed. Election Commission, 690 F.2d 1364, 1366 (11th Cir.1982)); In re CP Ships Ltd., Securities Litigation, 2008 WL 2473684 at * 2 (citing Georgia v. U.S. Army Corps of Engineers, 302 F. 3d 1242, 1249 (11th Cir. 2002). Thus, a legally protectable interest is something more than an economic interest; rather the law requires that "the interest be one which substantive law recognizes as belonging to or being owned by the applicant." Mt. Hawley Insurance Company v. Sandy Lake Properties, Inc., 425 F. 3d 1308, 1311 (11th Cir. 2005). However, the Intervenors' interest does not have to "be of a legal nature identical to that of the claims asserted in the main action." Danner Construction Company, 2009 WL 2525486 at * 3.

The Intervenors are all purported shareholders in Founding Partners. They claim a vested interest in this action founded upon their claim as shareholders in Founding Partners and on their

direct investments. The Putative Intervenors' claim lacks merit. Their direct investments and shareholder interest in a non-party entity that made loans to Sun Capitol is a purely economic interest. The law in this Circuit is clear, a claim for an economic interest is insufficient grounds to intervene. Mt. Hawley Insurance Company, 425 F. 3d at 1311.

The Putative Intervenors also state that this is a derivative action brought on their behalf as shareholders in Founding Partners against Sun Capitol. A derivative action is "[a] suit by a beneficiary of a fiduciary to enforce a right belonging to the fiduciary: [especially] a suit asserted by a shareholder on the corporations behalf against a third party (usually a corporate officer) because of the corporation's failure to take action against the third party." Blacks Law Dictionary 475 (Bryan A. Gardner ed., 8th ed., West 2004).

The interest of Founding Partners is being represented by the Receiver who in fact brought the instant lawsuit to advance Founding Partners' interest and the interest of the individual investors in Founding Partners. As such, a derivative action by the shareholders is not needed and would only complicate the instant action. Thus, it is respectfully recommended that the Intervenors do not have a specific protectable interest in this action that would give them the right to intervene under Rule 24(a).

### *(3)   Whether the Disposition of the Action will Impede or Impair the Intervenors Ability to Protect Their Interest*

The Putative Intervenors claim that this is a derivative action to protect their interest in Founding Partners. Their rationale states that this case and the funds at issue are at the core in other cases against Founding Partners and as such they have a right to intervene.

In Mt. Hawley Insurance Co. v. Sandy Lakes Properties, the Eleventh Circuit Court of Appeals has addressed the issue of whether or not an interest contingent upon the outcome of other pending litigation is a legally protectable interest. 435 F.3d 1308, 1310 (11th Cir. 2005). In Mt. Hawley, the putative intervenors were the representatives of a deceased in a separate wrongful death lawsuit. The Mt. Hawley putative intervenor sought to intervene in a declaratory action filed to determine if Mt. Hawley Insurance Company was required to cover insureds who were also defendants in the wrongful death action. The Mt. Hawley putative intervenors argued that they had the right to intervene in the declaratory action because if Mt. Hawley Insurance was not liable in any way to the insureds, then there would be no funds to proceed against in the putative intervenors wrongful death lawsuit against the insured. Id. at 1311. The Eleventh Circuit concluded that potential outcome of declaratory action against Mt. Hawley was not a legally protectable interest regardless of its effect upon the Mt. Hawley putative intervenors wrongful death lawsuit. Id. Likewise, the outcome of this case does not give Putative Intervenors a legally protectable interest because the outcome of those actions is not settled and any funds at issue here may or may not be involved in the other actions filed against Founding Partners.

Finally, the Putative Intervenors concede that the purpose of the Motion to Intervene is to essentially obtain access to the sealed settlement documents and, in fact, they have offered to withdraw the instant Motion if they were made privy to the settlement agreement. The law is clear that "the interest be one which substantive law recognizes as belonging to or being owned by the applicant. Mt. Hawley Insurance, 425 F. 3d at 1311. The Putative Intervenors own memorandum of law demonstrates that they do not have a claim or defense which sets forth a legally protectable

interest that would require intervention as of right. Thus, the Putative Intervenors' interest are not at risk of being impeded or impaired.

### *(4) Whether the Intervenors' Interest is being Adequately Protected by Existing Parties*

The Supreme Court has held that the inadequate representation requirement of Rule 24(a)(2) "is satisfied if the [proposed intervenor] shows that representation of his interest 'may be' inadequate," and "the burden of making that showing should be treated as minimal." <u>Danner Construction Co., Inc. v. Hillsborough County</u>, 2009 WL, 2525486 *4 (M.D. Fla. August 17, 2009). (citing <u>Trbovich v. United Mine Workers of America</u>, 404 U.S. 528, 538 n. 10, 92 S. Ct. 630, 30 L. Ed.2d 686 (1972)).

The Putative Intervenors claim that the Receiver's interest and their interest are different. The Receiver in this case was appointed to represent the interest of Founding Partners and its investors. The Putative Intervenors argue that the Receiver did not know that they were minority stockholders in Founding Partners, and as such the Receiver could not have represented their interest. The Receiver contends that the Putative Intervenors failed to inform the Court exactly what it is that they want to accomplish from the intervention. The Receiver also disputes that the minority shareholders are actually shareholders in Founding Partners.

The Putative Intervenors, specifically the Gunlicks children, claim that they have been minority shareholders in Founding Partners since 2007. The Receiver states the information provided to IRS for the year 2007, lists William Gunlicks as the sole shareholder in Founding Partners. The Receiver also notes the stock certificates presented by the Putative Intervenors are undated. Further, the Putative Intervenors reference a Shareholder's Agreement that has not been

produced to the Receiver by the Gunlicks children even though the Receiver requested the information from the Putative Intervenors counsel. Without making a ruling as to the validity of the Gunlicks children's claim, there is some doubt cast upon the validity of their alleged ownership in Founding Partners. The Putative Intervenors are reminded that the burden to establish a right to intervene in a case, although minimal, still lies with them. Danner Construction Co., 2009 WL, 2525486 at *4. In their Reply Brief (Doc. # 226), the Putative Intervenors attach an affidavit from William Gunlicks which states that he gifted fifteen percent (15%) of Founding Partners ownership to his children, but the affidavit fails to state when the gift took place. Documents that claim a purported shareholder interest that are undated and contradict documents that were submitted to the Internal Revenue Service, as well as the Putative Intervenors refusal to produce the Stockholders Agreement verifying their interest, does not meet the minimal standard of proof required under Fed. R. Civ. P, 24(a).

Furthermore, the Putative Intervenors have failed to set forth a claim establishing that the current Receiver does not adequately represent their interest. They simply state that since he did not know of their existence, he failed in his duty to represent them as the court appointed receiver. Contrary to their position, the Putative Intervenors acknowledge that "up until now they had no reason to believe that their interest were not being adequately represented." by the current Receiver. (Doc. # 226). Thus, the Receiver, even if he did not know of their existence, by name, was by their own admission adequately representing the investors and shareholders of Founding Partners.

The Receiver was appointed by the District Court to represent all of the interest in this case. Securities and Exchange Commission v Founding Partners, 2:09-cv-229-FtM-29SPC (Doc. # 73). In his Order appointing Newman as the Receiver, Judge Steele gave the Receiver the authority to

pursue and protect the assets of the investors in Founding Partners and any of its subsidiaries and/or assigns. The Receiver is fully empowered by the Court to protect those interests and has taken actions to fulfill his fiduciary duty. The Putative Intervenors fail to state that they would seek to pursue any other course other than the course set forth by the Receiver in this and related cases.

In addition, the Receiver also moves for sanctions pursuant to Fed. R. Civ. P. 37(a)(4)(A), for the Putative Intervenors bringing the instant Motion. Under Rule 37, the Court may deny a request for expenses "if it determines that opposition to the motion was substantially justified or that other circumstances would make an award of expense[s] unjust." Reedy v. Lull Engineering Co., Inc., 137 F.R.D. 405, 409 (M.D. Fla. 1991). At this point in the proceedings, the Court does not find just cause that would require the Court to impose attorney's fees and sanctions.

## CONCLUSION

The Putative Intervenors have failed to demonstrate: (1) that the intervention application was timely made; (2) that an interest exists relating to the property or transaction which is the subject of the action; (3) that disposition of the action, as a practical matter, may impede or impair the ability to protect that interest; and (4) the existing parties to the lawsuit inadequately represent the interests." Consequently, the Court respectfully recommends that the Putative Intervenors' Motion to Intervene should be denied.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

(1) The Putative Intervenors, Joint Emergency Motion to Intervene on Behalf of Founding Partners Capitol Management Company Shareholders and William L. Gunlicks (Doc. #216) should be **DENIED**.

(2) The Receiver's Motion filed in his Response for Sanctions including Attorney's Fees and Costs should be **DENIED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended at Fort Myers, Florida, this   24th   day of January, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record