# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA – FORT MYERS DIVISION

Case No. 2:09-cv-445-FtM-29SPC

———————————————————————————

DANIEL S. NEWMAN, as Receiver for Founding Partners
Capital Management Company; Founding Partners
Stable-Value Fund, L.P.; Founding Partners Stable-Value
Fund II, L.P.; Founding Partners Global Fund, Ltd.; and
Founding Partners Hybrid-Value Fund, L.P.,

                           Plaintiff,

       vs.

SUN CAPITAL, INC., a Florida corporation, SUN
CAPITAL HEALTHCARE, INC., a Florida corporation,
and HLP PROPERTIES OF PORT ARTHUR, LLC, a
Texas limited liability company,

                           Defendants.

———————————————————————————

## THE RECEIVER'S MOTION FOR ENTRY OF AN ORDER
## AUTHORIZING AGREEMENT WITH SPECIALTY FINANCE PARTNERS, LLC

Daniel S. Newman, as Court-appointed Receiver ("Receiver") for Founding Partners

Capital Management Co. ("FPCMC"), Founding Partners Stable-Value Fund, LP ("Stable

Value"), Founding Partners Stable-Value Fund II, LP ("Stable Value II"), Founding Partners

Global Fund, Ltd. ("Global Fund") and Founding Partners Hybrid-Value Fund, LP ("Hybrid

Value") (collectively, the "Receivership Entities") files this motion for entry of an order

authorizing the Founding Partners Designee, LLC (the "FP Designee") to enter into an agreement

with Sun Capital, Inc., Sun Capital Healthcare, Inc., Promise Healthcare, Inc., Success

Healthcare, LLC and the direct and indirect subsidiaries of any of the foregoing (individually and

collectively, the "Sun Entities"), and Specialty Finance Partners LLC ("SFP") (the "SFP

Agreement, attached as **Exhibit A**).  In support, the Receiver states as follows:

## BACKGROUND

1.      SFP has provided advisory and consulting services to certain investors in the Receivership Entities, including SSR Capital Partners, LP, Edge Capital Investments Ltd., Rhino Holdings, Convergent Wealth Advisors and Bermuda Commercial Bank Limited (individually and collectively, the "Investor Group") since February of 2010.  Namely, SFP advised and consulted the Investor Group with respect to the proposed settlement of the litigation between the Receiver and the Sun Entities, as well as the proposed transactions resulting from settlement.

2.      During its engagement with the Investor Group, SFP provided its assistance with: (i) negotiation of the Settlement Agreement and Settlement Transaction (as defined in the Receiver's previous filings), approved by the Court on August 28, 2012, in *Daniel S. Newman, as a Receiver for Founding Partners Capital Management, et al v. Sun Capital, Inc., et al*, Case No. 2:09-cv-445-FtM-29SPC, United States District Court, Middle District of Florida (the "Sun Litigation"); (ii) work on financial and regulatory due diligence necessary to effectuate the Settlement Agreement and Settlement Transaction; (iii) interfacing with the parties to the Settlement Agreement; and (iv) interfacing with, and managing the relationships with and work of, various other professional advisors with regard to the Settlement Agreement and Settlement Transaction.

3.      SFP's agreement with the Investor Group provided that it was to receive certain payments from the Investor Group upon the conclusion of a successful transaction with the Sun Entities.

4.      The Sun Entities and FP Designee: (i) acknowledge that the work of SFP has provided material value to the parties' resolution of the Sun Litigation; (ii) desire that SFP terminate its engagement with the Investor Group as of the date of the SFP Agreement; and (iii)

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

desire that SFP provide consulting and advisory services for FP Designee, to begin as of the date of the Agreement and until the closing of the Settlement Agreement and Settlement Transaction; and (iv) desire that SFP provide consulting and advisory services for both FP Designee and the Sun Entities jointly, to begin the day after the closing of the Settlement Agreement and Settlement Transaction and for eighteen (18) months thereafter.

5.      The Investor Group has consented to allow SFP to enter into the attached SFP Agreement.

## SERVICES RENDERED

6.      The FP Designee will engage SFP on a non-exclusive basis to provide services for a period beginning on the date of the SFP Agreement through the closing of the Settlement Agreement and Settlement Transaction.  *See* Ex. A at section 1(a).

7.      During this period, SFP will provide FP Designee with the following services: (i) advice with respect to the consummation of the Settlement Transaction contemplated by the Settlement Agreement; (ii) assistance with the selection and negotiation of a working capital line of credit for the Sun Entities; and (iii) such other services as FP Designee may require relating to Settlement Agreement and/or Settlement Transaction.  *See* Ex. A at section 2(a).

8.       SFP's non-exclusive engagement with FP Designee and the Sun Entities jointly will begin after closing of the Settlement Agreement and Settlement Transaction, and will last for a period of eighteen (18) months thereafter.  *See* Ex. A at section 1(b).

9.      After closing of the Settlement Agreement and Settlement Transaction, and for eighteen (18) months thereafter, SFP will provide both FP Designee and the Sun Entities with the following services: (i) financial, managerial, and strategic advice and assistance in connection with the operations of the Sun Entities; and (ii) such other services as may be

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

required and agreed to by FP Designee and the Sun Entities.  *See* Ex. A at section 2(b).

10.     In addition, SFP will also allow certain of its qualified personnel to serve on the board of directors of any of the Sun Entities following closing, as is more fully described in the SFP Agreement.  *See* Ex. A at section 2.

## PAYMENT OF FEES, EXPENSES, AND COSTS

11.     Subject to the terms and conditions set forth in the SFP Agreement (including the provisions of sections 4 and 6(b) thereof), the Sun Entities acknowledge and agree that they shall be liable for all of SFP's fees, expenses, and costs under the SFP Agreement, but not including any incurred prior to the date of the SFP Agreement, except as otherwise provided in the SFP Agreement.  Except as expressly provided in section 10 of the SFP Agreement with respect to the indemnification of SFP by FP Designee, in no event shall the Receiver or any of the Receivership Entities or FP Designee, or any owners, officers, managers or directors of any of the foregoing, be responsible or liable in any capacity for any of SFP's invoices, fees, expenses, costs, damages or other liabilities or otherwise be liable to SFP or any other person or entity for any reason in connection with SFP's engagement or this SFP Agreement; provided, however, that the foregoing shall not relieve FP Designee of responsibility for its gross negligence or willful misconduct.  *See* Ex. A at section 3.

12.     As compensation for SFP's services rendered prior to the date of the SFP Agreement, the Sun Entities shall pay SFP the following fees in accordance with section 4(a)-(c) of the SFP Agreement:

> a.     **$500,000.00**, due and payable at the closing of the Settlement Agreement and Settlement Transaction, whether or not the SFP Agreement is terminated prior to that time (except as otherwise provided in section 18

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

of the SFP Agreement); provided however, that, if prior to closing, the Sun Entities have sufficient available cash flow, as determined by the Sun Entities in their sole discretion, the Sun Entities shall begin to pre-pay that amount (*See* Ex. A at section 4(a)); plus

b.  **$35,000.00** per month, beginning as of March 2013 and for each subsequent calendar month commencing prior to the earlier of (i) the closing of the Settlement Agreement and Settlement Transaction; or (ii) the termination of the SFP Agreement, pro-rated for any partial months, subject to numerous conditions and limitations throughout the SFP Agreement (*See* Ex. A at section 4(b)); plus

c.  **$125,000** per month, commencing the calendar month immediately following the month in which closing of the Settlement Agreement and Settlement Transaction occurs and ending with the month which is the eighteenth (18th) month following the month in which the closing occurs, subject to numerous conditions and limitations throughout the SFP Agreement. (*See* Ex. A at section 4(c))

13.  In addition to fees payable to SFP under this SFP Agreement, the Sun Entities agree to promptly reimburse SFP, upon request, for any and all of its reasonable out-of-pocket expenses and costs, subject to numerous conditions and limitations throughout the SFP Agreement.  *See* Ex. A at section 4.

14.  Notably, as indicated above at ¶ 5, the Investor Group consents to SFP entering into the SFP Agreement with FP Designee and the Sun Entities.  *See* Ex. A at Recital D and section 17.  In part, the Investor Group consents to termination of its

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811  305.373.9400

agreement with SFP, and SFP's subsequent entry into the SFP Agreement with FP Designee and the Sun Entities, because the SFP Agreement, if approved and performed under, relieves the Investor Group of its fee payment obligations to SFP.  As detailed in paragraphs 10 – 12 of this Motion, if the SFP Agreement is approved by the Court, the Sun Entities will assume the obligation to pay SFP's outstanding fees.

15.     Consistent with the shifting of the fee payment obligation to the Sun Entities, it is the Receiver's position that to the extent the Investor Group incurred expenses in contracting with SFP to assist with consummating the Settlement Agreement, those obligations should not be borne by the Investor Group's investor members.

### TERMINATION OF SFP AGREEMENT

16.     The SFP Agreement may be terminated, subject to various conditions and limitations: (i) by FP Designee, at any time, for cause or without cause[1], upon fifteen (15) business days prior written notice to SFP to that effect; and (ii) by SFP, for cause or without cause, upon written notice to the FP Designee to that effect.  *See* Ex. A at section 6(a) and 6(c).

17.     If FP Designee terminates the SFP Agreement "for cause" or SFP terminates the SFP Agreement "without cause" prior to closing of the Settlement Agreement and Settlement Transaction, subject to various conditions and limitations more completely discussed in the SFP Agreement, SFP will not be entitled to $250,000 in payments comprising the final two (2) months of installments payable under section 4(c) of the SFP Agreement.  *See* Ex. A at section 6(b).

### MISCELLANEOUS PROVISIONS

18.     FP Designee, the Sun Entities, and SFP acknowledge and agree that SFP is

---

[1]     Grounds for termination "for cause" by FP Designee and SFP are specifically laid out in sections 6(b) and 6(c) of the SFP Agreement respectively.

acting under the SFP Agreement as an independent contractor and not as an employee of FP Designee, the Sun Entities, or the Receiver.  *See* Ex. A at section 7.

19.     SFP understands that work it performs during its engagement with FP Designee and, as applicable, the Sun Entities, including, without limitation, any reports SFP may prepare, are intended and expected to be confidential.  SFP agrees to maintain in strict confidence any information of a non-public nature relating to FP Designee, the Sun Entities, the Receiver, or any of their respective businesses that SFP may gain or develop in the course of its engagement under the SFP Agreement.  *See* Ex. A at section 8.

20.     The parties agreed that the Receiver would file this SFP Agreement with the Court to request that the Court approve the FP Designee entering into this SFP Agreement and approve the payment of the fees and expenses to SFP contemplated in the SFP Agreement.  *See* Ex. A at section 18.

## CONCLUSION

In light of the foregoing, the Receiver respectfully requests that the Court enter an order authorizing: (i) FP Designee to enter into the SFP Agreement with the Sun Entities and SFP; and (ii) the payment of the various fees to SFP contemplated therein.

## CERTIFICATE OF CONFERRAL

The Receiver has contacted counsel for Defendants.  Counsel for the Defendants advised the Receiver that it has no objection to the relief sought herein.

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive electronically Notices of Electronic Filing.

Dated:  June 19, 2013.

Respectfully submitted,

**BROAD AND CASSEL**

By: /s/ Jonathan Etra
Jonathan Etra, Esq.
Florida Bar No. 0686905
Attorneys for Receiver
One Biscayne Tower, 21st Floor
2 South Biscayne Boulevard
Miami, FL 33131
Tel: (305) 373-9400
Fax: (305) 373-9443

## SERVICE LIST

| | |
|---|---|
| Jonathan Galler, Esq.<br>Proskauer Rose LLP<br>2255 Glades Rd<br>Suite 421 Atrium<br>Boca Raton, FL 33431<br>**Tel: 561.995.4733**<br>**Fax: 561.241.7145**<br>jgaller@proskauer.com<br>*Counsel for Defendants*<br>***Service via CM/ECF*** | Sarah S. Gold, Esq.<br>Karen E. Clarke, Esq.<br>Proskauer Rose LLP<br>Eleven Times Square<br>New York, NY 10036-8299<br>**Tel: 212.969.3000**<br>**Fax: 212.969.2900**<br>sgold@proskauer.com<br>kclarke@proskauer.com<br>*Counsel for Defendants*<br>***Service via CM/ECF*** |

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400